1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARTURO PALACIOS,                    )    Case No. CV 11-2205 JC
                                    )
                Plaintiff,          )
                                    )    MEMORANDUM OPINION
        v.                          )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social              )
Security,                           )
                                    )
                Defendant.          )
_____    )

## I.    SUMMARY

On March 21, 2011, plaintiff Arturo Palacios ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; March 22, 2011 Case Management Order ¶ 5.

///

1

1   Based on the record as a whole and the applicable law, the decision of the

2   Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3   ("ALJ") are supported by substantial evidence and are free from material error.[1]

4   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5   **DECISION**

6   On February 26, 2007, plaintiff filed an application for Disability Insurance

7   Benefits.  (Administrative Record ("AR") 12, 87).  Plaintiff asserted that he

8   became disabled on September 15, 2003, due to lower back pain.  (AR 101).  The

9   ALJ examined the medical record and heard testimony from plaintiff (who was

10  represented by counsel), and a vocational expert on September 1, 2009.  (AR 22-

11  40).

12  On September 24, 2009, the ALJ determined that plaintiff was not disabled

13  through the date last insured (*i.e.*, December 31, 2008).  (AR 12-21).  Specifically,

14  the ALJ found:  (1) plaintiff suffered from the following severe impairment:

15  lumbar spine degenerative disc disease (AR 14); (2) plaintiff's impairments,

16  considered singly or in combination, did not meet or medically equal one of the

17  listed impairments (AR 17); (3) plaintiff retained the residual functional capacity

18  to perform the full range of medium work (20 C.F.R. § 404.1567(c)) (AR 17);

19  (4) plaintiff could perform his past relevant work as an inboard motor mechanic

20  and industrial truck mechanic (as actually and generally performed) (AR 20); and

21  (5) plaintiff's allegations regarding his limitations were not credible to the extent

22  they were inconsistent with the ALJ's residual functional capacity assessment.

23  (AR 18).

24  The Appeals Council denied plaintiff's application for review.  (AR 1).

25  _____

26  [1]The harmless error rule applies to the review of administrative decisions regarding
    disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196

27  (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
    Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of

28  application of harmless error standard in social security cases).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

1    experience, allow claimant to adjust to other work that exists in
2    significant numbers in the national economy?  If so, the
3    claimant is not disabled.  If not, the claimant is disabled.
4  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
5  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).
6         The claimant has the burden of proof at steps one through four, and the
7  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
8  F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679
9  (claimant carries initial burden of proving disability).
10        **B.    Standard of Review**
11        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
12  benefits only if it is not supported by substantial evidence or if it is based on legal
13  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
14  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
15  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
16  mind might accept as adequate to support a conclusion."  Richardson v. Perales,
17  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
18  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
19  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).
20        To determine whether substantial evidence supports a finding, a court must
21  "'consider the record as a whole, weighing both evidence that supports and
22  evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.
23  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
24  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
25  or reversing the ALJ's conclusion, a court may not substitute its judgment for that
26  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).
27  ///
28  ///

4

1  IV.    **DISCUSSION**

2      A.     **The ALJ Properly Evaluated Plaintiff's Credibility**

3          Plaintiff contends that the ALJ inadequately evaluated the credibility of his

4  subjective complaints.  (Plaintiff's Motion at 4-8).  The Court disagrees.

5              1.     **Pertinent Law**

6          Questions of credibility and resolutions of conflicts in the testimony are

7  functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th

8  Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable

9  and is supported by substantial evidence, it is not the court's role to "second-

10 guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

11         An ALJ is not required to believe every allegation of disabling pain or other

12 non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

13 (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

14 the existence of a medically determinable impairment that could reasonably give

15 rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as

16 to the credibility of the claimant's statements about the symptoms and their

17 functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the

18 record includes objective medical evidence that the claimant suffers from an

19 impairment that could reasonably produce the symptoms of which the claimant

20 complains, an adverse credibility finding must be based on clear and convincing

21 reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d

22 1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does

23 not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's

24 credibility findings "must be sufficiently specific to allow a reviewing court to

25 conclude the ALJ rejected the claimant's testimony on permissible grounds and

26 did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367

27 F.3d 882, 885 (9th Cir. 2004).

28 ///

1   To find the claimant not credible, an ALJ must rely either on reasons

2   unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal

3   contradictions in the testimony, or conflicts between the claimant's testimony and

4   the claimant's conduct (*e.g.*, daily activities, work record, unexplained or

5   inadequately explained failure to seek treatment or to follow prescribed course of

6   treatment).  <u>Orn</u>, 495 F.3d at 636; <u>Robbins</u>, 466 F.3d at 883; <u>Burch</u>, 400 F.3d at

7   680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's

8   testimony solely because it is not substantiated affirmatively by objective medical

9   evidence, the lack of medical evidence is a factor that the ALJ can consider in his

10  credibility assessment.  <u>Burch</u>, 400 F.3d at 681.

11            **2.    Analysis**

12  First, the ALJ properly discredited plaintiff's subjective complaints based

13  on plaintiff's unexplained failure to seek treatment consistent with the alleged

14  severity of plaintiff's subjective symptoms.  <u>See</u> <u>Bunnell v. Sullivan</u>, 947 F.2d

15  341, 346 (9th Cir. 1991) (en banc) (In assessing credibility, the ALJ may properly

16  rely on plaintiff's unexplained failure to request treatment consistent with the

17  alleged severity of his symptoms.); <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir.

18  1999); <u>see</u> <u>Fair</u>, 885 F.2d at 604 (ALJ permissibly considered discrepancies

19  between the claimant's allegations of "persistent and increasingly severe pain" and

20  the nature and extent of treatment obtained).  Here, as the ALJ noted, plaintiff

21  initially received a "brief series of epidural injections," but apparently sought no

22  treatment for a period of almost two years,[2] and thereafter sought treatment for

23  back pain on an "intermittent" basis only.  (AR 18-19, 312-13, 320, 329-30, 334-

24  

25            [2]Plaintiff argues that his failure to seek medical treatment for almost two years was due to
26  his inability to afford medical care during that period.  (Plaintiff's Motion at 4-5).  The record
     before the ALJ, however, contains no evidence which supports such an assertion.  While an ALJ
27  may not reject symptom testimony where a claimant provides "evidence of a good reason" for
     not pursuing medical treatment, <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations
28  omitted), as noted, plaintiff has failed to present such a sufficient reason.

6

1  35, 338-39).  Moreover, the ALJ noted that despite plaintiff's allegations of

2  disabling pain, there is no evidence that plaintiff sought any intensive treatment

3  for his alleged back pain such as spinal surgery, ongoing pain management,

4  ongoing physical therapy, or the use of a TENS unit or assistive ambulation

5  device.  (AR 18).

6      Second, the ALJ properly discredited plaintiff's subjective complaints due

7  to internal conflicts within plaintiff's own statements and testimony.  See Light v.

8  Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997)

9  (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in

10  [plaintiff's] testimony or between his testimony and his conduct"); see also Fair,

11  885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on

12  contradictions in plaintiff's testimony).  In a Pain Questionnaire dated March 27,

13  2003, plaintiff stated that he had sharp, constant pain in his back and was unable

14  to sit, stand or walk for prolonged periods.  (AR 94-96).  At the administrative

15  hearing, plaintiff testified that he could not do household chores beyond watering

16  the plants, occasional light meal preparation, and limited driving.  (AR 28-29).

17  Nonetheless, during a July 2007 consultative medical examination, plaintiff

18  reported to the examining physician that he had "no problems with dressing,

19  grooming and bathing himself" and was "able to drive and do dishes, dust[] and

20  take[] short walks."  (AR 234).  The ALJ properly concluded that such statements

21  are inconsistent with plaintiff's allegation that significant subjective symptoms

22  prevent him from working.  (AR 19).

23      Third, the ALJ noted that, at the hearing, plaintiff's thoughts "did not seem

24  to wander" and that plaintiff "answered [all questions] . . . alertly and

25  appropriately."  (AR 19).  The ALJ was permitted to rely on his own observations

26  of plaintiff at the hearing as one of the several factors affecting plaintiff's

27  credibility.  See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992)

28  (upholding credibility rejection where ALJ's observation of claimant at the

7

1  hearing was one of several legitimate reasons stated); see also Verduzco v. Apfel,
2  188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on observations of claimant
3  proper where ALJ pointed to plaintiff's affirmative exhibition of symptoms which
4  were inconsistent with both medical evidence and plaintiff's other behavior and
5  did not point to the absence of the manifestation of external symptoms to discredit
6  plaintiff, referring to the latter as disapproved "sit and squirm" jurisprudence).

7       Finally, an ALJ may discredit a plaintiff's subjective symptom testimony in
8  part because it is unsupported by objective medical evidence.  Burch, 400 F.3d at
9  681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected
10 on the sole ground that it is not fully corroborated by objective medical evidence,
11 the medical evidence is still a relevant factor in determining the severity of the
12 claimant's pain and its disabling effects.") (citation omitted).  Here, the ALJ
13 reasonably concluded that plaintiff's subjective symptoms were not as severe as
14 alleged in part due to plaintiff's "generally good performances" during physical
15 examinations.  (AR 19).  As the ALJ noted, during examinations by Dr. Dennis
16 Ainbinder, plaintiff's treating physician, plaintiff had some pain and reduced
17 range of motion, but displayed "no deficits of gait or neurological functioning or
18 positive radicular pain signs."  (AR 15, 153-55, 164-65, 289-94, 299-300, 304,
19 310).  Dr. Jagvinder Singh, a state-agency examining physician, examined plaintiff
20 and reported no deficits of gate or general mobility, and no signs of spine-related
21 neurological deficits.  (AR 19, 234-38).  The ALJ also noted that the record lacks
22 evidence that plaintiff's prescribed medication impaired plaintiff's "ability to do
23 basic work activities and no evidence in the medical record of any significant side
24 effects."  (AR 19) (citing Exhibit 3E [AR 105]) (emphasis added).  This Court will
25 not second-guess the ALJ's reasonable interpretation of the plaintiff's medical
26 records, even if, as plaintiff suggests, such evidence could give rise to inferences
27 more favorable to plaintiff.  Robbins, 466 F.3d at 882 (citation omitted).

28       Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

B.     **The ALJ Properly Evaluated the Medical Evidence**

1.     **Pertinent Law**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons.  Orn, 495 F.3d at 632 (citation and internal quotations omitted).  The ALJ can reject the opinion of a treating physician in favor of another conflicting

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

1  medical opinion, if the ALJ makes findings setting forth specific, legitimate

2  reasons for doing so that are based on substantial evidence in the record.  Id.

3  (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957

4  (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough

5  summary of facts and conflicting clinical evidence, stating his interpretation

6  thereof, and making findings) (citations and quotations omitted); Magallanes, 881

7  F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating

8  physician opinion – court may draw specific and legitimate inferences from ALJ's

9  opinion).  "The ALJ must do more than offer his conclusions."  Embrey v. Bowen,

10  849 F.2d 418, 421-22 (9th Cir. 1988).  "He must set forth his own interpretations

11  and explain why they, rather than the [physician's], are correct."  Id.  "Broad and

12  vague" reasons for rejecting the treating physician's opinion do not suffice.

13  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

14      Although the treating physician's opinion is generally given more weight, a

15  nontreating physician's opinion may support rejecting the conflicting opinion of a

16  claimant's treating physician.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.

17  1995).  If a nontreating physician's opinion is based on independent clinical

18  findings that differ from the findings of the treating physician, the nontreating

19  physician's opinion may be considered substantial evidence.  Id. at 1041 (citing

20  Magallanes, 881 F.2d at 751).  If that is the case, then the ALJ has complete

21  authority to resolve the conflict.[4]  On the other hand, if the nontreating physician's

22  opinion contradicts the treating physician's opinion but is not based on

23  independent clinical findings, or is based on the clinical findings also considered

24  by the treating physician, the ALJ can only reject the treating physician's opinion

25  by giving specific, legitimate reasons based on substantial evidence in the record.

26

27
_____

28      [4]Where there is conflicting medical evidence, the Secretary must assess credibility and
resolve the conflict.  Thomas, 278 F.3d at 956-57.

1  Id. (citing Magallanes, 881 F.2d at 755); see Magallanes, 881 F.2d at 751-52

2  (Substantial evidence that can support the conflicting opinion of a nonexamining

3  medical advisor can include:  laboratory test results, contrary reports from

4  examining physicians, and testimony from the plaintiff that is inconsistent with the

5  treating physician's opinions.).

6  ## 2. Analysis

7  Plaintiff contends that the ALJ improperly rejected Dr. Ainbinder's opinions

8  that plaintiff was essentially unable to return to his previous work and that

9  "plaintiff suffered from severe chronic disabling pain."  (Plaintiff's Motion at 8-9)

10  (citing AR 210).  The Court concludes that a remand or reversal is not warranted

11  on this basis because the ALJ properly rejected Dr. Ainbinder's opinions for

12  specific and legitimate reasons supported by substantial evidence.

13  First, although Dr. Ainbinder opined in progress reports for plaintiff's

14  workers' compensation case that plaintiff could not return to work and that

15  plaintiff was "disabled" (AR 289-92, 296, 299-300, 304, 310), the ALJ was not

16  required to provide any explanation for rejecting such opinions on the ultimate

17  issue of disability.  See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.

18  1984) (An ALJ must provide an explanation only when he rejects "significant

19  probative evidence.") (citation omitted).  A conclusory opinion that plaintiff was

20  unable to work or was "disabled" for workers' compensation purposes is not

21  binding on the Commissioner.  See Boardman v. Astrue, 286 Fed. Appx. 397, 399

22  (9th Cir. 2008)[5] ("[The] determination of a claimant's ultimate disability is

23  reserved to the Commissioner . . . a physician's opinion on the matter is not

24  entitled to special significance."); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th

25  Cir. 2005) ("Although a treating physician's opinion is generally afforded the

26

27  _____

28  [5]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.
See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

11

greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citation omitted); 20 C.F.R. § 404.1527(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . .   A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.").

Second, an ALJ may properly reject a medical opinion that conflicts with the physician's own treatment notes or the record as a whole.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); see also Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); cf. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes). Here, as the ALJ noted, Dr. Ainbinder's opinions that plaintiff suffered from disabling pain was inconsistent with the treating physician's examinations of plaintiff which did reflect some pain and reduced range of motion, but overall were "generally good."  (AR 15, 19, 153-55, 164-65, 289-94, 299-300, 304, 310). This Court will not second-guess the ALJ's reasonable interpretation of the medical evidence.  Robbins, 466 F.3d at 882.

Finally, the ALJ properly rejected Dr. Ainbinder's opinions in favor of the conflicting opinions of Dr. Singh[6] (AR 234-38) and the state-agency reviewing

---

[6]Dr. Singh, a consultative physician, examined plaintiff and found, *inter alia*, that plaintiff had no problems walking from the waiting room to the examination room or getting on and off the examination table; was able to take his shoes off; sat comfortably; had normal gait;

(continued...)

1   physicians (AR 240-46, 256-62) – none of whom found any physical limitations

2   beyond those already properly accounted for in the ALJ's residual functional

3   capacity assessment.  (AR 15-16, 19-20).  Dr. Singh's opinions were supported by

4   independent clinical findings (*i.e.*, an Internal Medical Consultation and physical

5   examination of plaintiff) (AR 234-38), and thus constituted substantial evidence

6   upon which the ALJ could properly rely to reject Dr. Ainbinder's opinions.  <u>See</u>,

7   <u>e.g.</u>, <u>Tonapetyan</u>, 242 F.3d at 1149 (consultative examiner's opinion on its own

8   constituted substantial evidence, because it rested on independent examination of

9   claimant).  The most recent opinions of the reviewing physicians also constituted

10  substantial evidence supporting the ALJ's decision since such opinions were, on

11  the whole, consistent with the examining physician's opinions and underlying

12  independent findings and other evidence in the record.  <u>See Tonapetyan</u>, 242 F.3d

13  at 1149 (holding that opinions of nontreating or nonexamining doctors may serve

14  as substantial evidence when consistent with independent clinical findings or other

15  evidence in the record); <u>Andrews</u>, 53 F.3d at 1041 ("reports of the nonexamining

16  advisor need not be discounted and may serve as substantial evidence when they

17  are supported by other evidence in the record and are consistent with it").  Any

18  conflict in the properly supported medical opinion evidence was the sole province

19  of the ALJ to resolve.  <u>Andrews</u>, 53 F.3d at 1041.

20          Accordingly, a remand or reversal is not warranted on this basis.

21  ///

22  ///

23

24  (...continued)

25  had range of motion in the cervical spine within normal limits; had limited range of motion in the
    dorsolumbar spine (which the doctor said was "due to poor effort"); had no paravertebral spasm,

26  tension or tenderness and no loss of lordosis in the back and neck; had normal motor strength,
    sensation and reflexes; had straight leg raising within normal limits; and had no neurological

27  deficit.  (AR 234-38).  Dr. Singh concluded that plaintiff could essentially perform a full range of

28  medium work (*i.e.*, lift/carry 50 pounds occasionally and 25 pounds frequently; stand and walk
    six hours out of an eight-hour work day; sit without limitation).  (AR 16, 238).

1  **C.    The ALJ Did Not Err In Determining That Plaintiff Could**
2  **Perform His Past Relevant Work**

3      Plaintiff contends that the ALJ materially erred in concluding that plaintiff
4  could perform his past relevant work as an inboard motor mechanic and industrial
5  truck mechanic (as actually and generally performed).  (Plaintiff's Motion at 9-
6  11).  Plaintiff appears to argue that the ALJ erred at step four of the sequential
7  evaluation process because (1) the ALJ failed to include in plaintiff's residual
8  functional capacity all limitations related to plaintiff's medically determinable
9  impairments,[7] (2) the vocational expert, upon whom the ALJ relied at step four,
10 mischaracterized the physical and mental demands of plaintiff's past relevant work
11 "as plaintiff performed it"; and (3) the ALJ posed an incomplete hypothetical
12 question to the vocational expert, and therefore the ALJ's finding that plaintiff
13 could return to his past jobs was not supported by substantial evidence.
14 (Plaintiff's Motion at 9-11).  Plaintiff is not entitled to a reversal or remand on any
15 of these grounds.

16      **1.    Relevant Law**

17      At step four of the sequential evaluation process, the Administration may
18 deny benefits when the claimant can perform the claimant's past relevant work as
19 "actually performed," or as "generally" performed.  <u>Pinto v. Massanari</u>, 249 F.3d
20 840, 845 (2001).  ALJs routinely rely on the Dictionary of Occupational Titles
21 ("DOT") in determining the skill level of a claimant's past work.  <u>Terry v.</u>
22 <u>Sullivan</u>, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); <u>see</u> <u>also</u> 20
23 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information).  The DOT is
24 the presumptive authority on job classifications.  <u>Johnson v. Shalala</u>, 60 F.3d

25
26 [7]Plaintiff essentially argues that, had the ALJ properly considered plaintiff's "orthopedic
   injuries and chronic pain, combined with side effects of medication and hypertension," the ALJ
27 would have determined that plaintiff retained the residual functional capacity to do only "light
   work," which would have supported a finding of disability under "Grid Rules 202.9 and 201.17."
28 (Plaintiff's Motion at 11).

1428, 1435 (9th Cir. 1995).  The ALJ may also rely on testimony from a
vocational expert.  See, e.g., Bailey v. Astrue, 2010 WL 3369152, *5 (C.D. Cal.
Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to
support [] ALJ's Step Four determination that plaintiff can perform his past
relevant work") (citations omitted).

　　　　Although the claimant has the burden of proving an inability to perform his
past relevant work, "the ALJ still has a duty to make the requisite factual findings
to support his conclusion."  Id. at 844.  To determine whether a claimant has the
residual capacity to perform his past relevant work, the ALJ must ascertain the
demands of the claimant's former work and then compare the demands with his
present capacity.  Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986).  In
finding that an individual has the capacity to perform a past relevant job, the
determination or decision must contain the following specific findings of fact:
(1) a finding of fact as to the individual's residual functional capacity; (2) a
finding of fact as to the physical and mental demands of the past job/occupation;
and (3) a finding of fact that the individual's residual functional capacity would
permit a return to his past job or occupation.  SSR 82-62.

　　　　　　　　**2.**　　**Discussion**

　　　　First, the ALJ properly assessed plaintiff's residual functional capacity.  As
discussed above, the ALJ properly accounted for limitations related to plaintiff's
"orthopedic injuries and chronic pain."  As for alleged medication side effects,
plaintiff offers no objective evidence that his medication affected him in the way
he claims, let alone that it interfered with his ability to work.  See Osenbrock v.
Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001) (ALJ need not consider side effects
that were not "severe enough to interfere with [plaintiff's] ability to work."); see
also Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985) (A claimant bears the
burden of demonstrating that his use of medications caused a disabling
impairment.).  The only evidence plaintiff presents of limitations due to

1  medication side effects is his own testimony from the administrative hearing

2  (Plaintiff's Motion at 5) (citing AR 31-33), which, as discussed above, the ALJ

3  properly found not credible. The record also lacks evidence that plaintiff suffered

4  functional limitations due to hypertension. As the ALJ noted, plaintiff's medical

5  records reflect that plaintiff's hypertension was "well controlled when [plaintiff

6  was] compliant with medication" and that plaintiff experienced no hypertension

7  related end organ damage. (AR 16) (citing Exhibit 22F [AR 328-39]). The Court

8  will not second guess the ALJ's reasonable findings which are supported by

9  substantial evidence in the record.

10      Second, the Court rejects plaintiff's conclusory suggestion that the

11  vocational expert mischaracterized the physical and mental demands of plaintiff's

12  past relevant work. (Plaintiff's Motion at 10). Here, the ALJ properly relied on

13  the vocational expert's testimony (AR 36-37) which was a reasonable

14  interpretation of the demands of plaintiff's past relevant work in light of plaintiff's

15  testimony and the related DOT sections. See Andrews v. Shalala, 53 F.3d 1035,

16  1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence

17  is susceptible to more than one rational interpretation.") (citation omitted).

18      Finally, the ALJ properly concluded, based on the vocational expert's

19  testimony, that plaintiff could return to his past relevant work as an inboard motor

20  mechanic and industrial truck mechanic (as actually and generally performed).

21  (AR 20). The ALJ's hypothetical question included only those limitations

22  supported by the record (as discussed above), and thus the vocational expert's

23  testimony based thereon was substantial evidence supporting the ALJ's decision at

24  step four.[8] See Bailey, 2010 WL 3369152, *5; see also Osenbrock, 240 F.3d at

25

26      [8]Contrary to plaintiff's suggestion, the ALJ was not bound to accept as true the
27  restrictions set forth in hypothetical questions posed by plaintiff's attorney during the hearing.
   (Plaintiff's Motion at 11) (citing AR 38-39); see Osenbrock, 240 F.3d at 1164-65 ("An ALJ is
28                                                                      (continued...)

1163-64 (ALJ's hypothetical question need not include limitations not supported by substantial evidence in the record) (citation omitted); <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .") (emphasis in original; citation omitted).

Accordingly, a remand or reversal is not warranted on any of the above grounds.[9]

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   January 26, 2012

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[8](...continued)

free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.") (citation omitted).

[9]To the extent plaintiff suggests that the ALJ in some way erred at step five of the sequential evaluation process (Plaintiff's Motion at 9-11), such an argument would not merit relief. Here, since the ALJ found plaintiff "not disabled" at step four (*i.e.*, that plaintiff has the residual functional capacity to perform his past relevant work), the ALJ was not required to conduct an analysis at step five in this case.